February 3, 1939

Hon. Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Mr. Carpenter:

Opinion No. O-128
Re: Payment of Court Costs incur-
red by the Texas Unemployment Com-
pensation Commission in civil suits
instituted by the Attorney General's
Department at the request of the
Commission.

This office is in receipt of your letter of
January 14, 1939, in which you request an opinion on
several questions concerning the payment of court costs
incurred by the Texas Unemployment Compensation Commis-
sion in civil suits instituted by the Attorney General's
Department. We quote from your letter as follows:

"You will please advise us whether or
not the general appropriation made to your
Department is available for the payment of
costs incurred in cases brought to enforce
the provisions of the Texas Unemployment Com-
pensation Act, and if not, is there any fund
available for such purposes? If no such fund
is available, will you please advise whether
or not these costs may be legally paid from
the Texas Unemployment Compensation Administra-
tion Fund?"

Section 18(a) of the Texas Unemployment Com-
pensation Act creates a special fund in the State Treas-
ury. It is designated as "The Unemployment Compensation
Administration Fund". Said Section provides that:

> "All monies in this fund shall be expend-
> ed solely for the purpose of defraying the
> cost of the administration of this act and
> for no other purpose whatsoever"

and that:

> "All monies in this fund shall be de-
> posited, administered, and disbursed in the
> same manner and under the same conditions
> and requirements as is provided by law for
> other special funds in the State Treasury."

The Unemployment Compensation Administration
Fund consists of State and Federal monies and is admin-
istered separately and apart from the public monies or
funds of the State.

Title 3, Federal Social Security Act, Section
302(a) provides for financial assistance to the States
in the matter of administrating unemployment compensa-
tion laws. It reads as follows:

> "The Board shall from time to time certi-
> fy to the Secretary of the Treasury for pay-
> ment to each State which has an unemployment
> compensation law approved by the Board under
> Title IX, such amounts as the Board determines
> to be necessary for the proper administration
> of such law during the fiscal year in which
> such payment is to be made. The Board's deter-
> mination shall be based on (1) the population
> of the State; (2) an estimate of the number
> of persons covered by the State law and of the
> cost of proper administration of such law;
> and (3) such other factors as the Board finds
> relevant."

It is apparent that under both Section 13(a)
of the Texas Unemployment Compensation Act and Title 3,
Section 302(b) of the Federal Social Security Act that
"the cost of the administration" of the Act shall be de-
frayed from the monies in the special fund.

There is no fund in the State Treasury other than the administration fund legally available for meeting the "cost of the administration" of the Texas Unemployment Compensation Act.

Both Federal and State laws directly and explicitly state that "the cost of the administration" is to be paid out of the administration fund. The question to be considered is whether or not court costs incurred in litigation brought for collection of delinquent contributions under the act are properly included in "the cost of the administration" of the law, and thereby payable out of the special administration fund created under the act.

"The cost of administration" can only mean the expenses of administration.

The word "cost" and "expenses" are synonymous in the sense in which the word is used in the Act. The administration of an act of the scope and significance of the Texas Unemployment Compensation Act necessarily involves considerable cost or expense. This is evidenced by the creation of the administration fund to which both the State and Federal Governments contribute.

The administration of such an act involving the periodic collection of contributions from many thousands of employers throughout the State would likewise be impossible without a certain amount of litigation. The fees and court costs attendant upon such legal action as may be necessary are essentially a portion of the expense involved in the administration of the act. Enforcement is a logical adjunct to proper administration. Enforcement involves judicial action, the cost of which is properly an administrative expense.

While the authorized expenditures out of the administration fund of the Unemployment Compensation Act are not set forth in minute detail as is generally the case for administrative funds for other State departments whose entire appropriation comes from state funds, certain provisions of the act indicate a legislative intent that court costs and fees resulting from litigation under the act are payable out of the administra-

tion fund.

The Texas Unemployment Compensation Act expressly provides in Section 17, subhead (a), that an Assistant Attorney General assigned to the Commission shall be paid out of the appropriation fund "as well as any other qualified attorneys who are regularly employed by the Commission." Said section reads as follows:

"In any civil action to enforce the provisions of this act the Commission and the State shall be represented by an Assistant Attorney General who shall be appointed by the Attorney General and designated to perform such legal duties as may be required of him by the Commission, and who shall institute in the name of the State and in the name of the Attorney General any civil action requested of him by the Commission. Such Assistant Attorney General shall be paid by the Unemployment Compensation Commission for services performed by such Assistant Attorney General solely for the Commission. Such Assistant Attorney General may be assisted by any other qualified attorneys who are regularly employed by the Commission."

Section 6(b) also makes it clear that compensation for legal services is a part of "the cost of the administration" of the Act. It reads, in part, as follows:

"The Commission shall be deemed to be a party to any judicial action involving any such decision and may be represented in any such judicial action by any qualified attorney who is a regular salaried employee of the Commission and has been designated and appointed for that purpose by the Attorney General of Texas."

- Section 14(b) deals with the representation of the Commission in court. It provides that in regard

to the collection of contributions "amounts due shall
be collected by civil action in the name of the State
and Attorney General * * *."

The Act thus stipulates that the Commission
pay for legal services required in the administration
of the Act. If attorney fees are a logical expense of
the Commission, it would follow that other costs of neces-
sary litigation, including court costs and officio fees,
are also within the coverage of the "cost of administra-
tion". The fact that the attorney of the Commission,
including the Assistant Attorney General, is to be paid
by the Commission for his services is indicative that
all costs of litigation are to be paid out of the admin-
istration fund.

We have alluded to the fact that there is no
break down of the administration fund into authorized
expenditures. As a matter of fact, such Section 11(a)
of the Texas Unemployment Compensation Act empowers and
authorizes the Commission to "* * * make such expendi-
tures * * * and take such other action as it deems ne-
cessary or suitable to that end * * *. The Commission
shall determine its own organization and methods of pro-
cedure."

The latitude given the Commission under this
section in regard to necessary or suitable expenditures
for proper administration explains the absence of any
particular fund for the payment of court costs. It is
our opinion that the power and authority given the Com-
mission in this section supports the theory that the
term "cost of administration" as used in the Federal and
State Acts is all inclusive as to expense items and would
cover court costs which in themselves are necessary ex-
pense.

We note in your letter reference to the policy
of the Federal Social Security Board prohibiting grants
to States for any administrative purposes where other
funds are available for such purpose. This policy is

grounded upon actual availability of other funds. Attention is called to the appropriation acts of the State of Texas for the two years ending August 31, 1938, and August 31, 1939 (1937 Acts, Chapter 504, Senate Bill No. 133); Particularly to Item 13 in the appropriation for the office of the Attorney General providing for the amount of $2500.00 in each of the yearly periods ending August 31, 1938, and August 31, 1939, to be appropriated for "court costs in civil cases".

The annual general appropriation made to the Attorney General's Department is not available for the payment of costs in cases brought to enforce the provisions of the Texas Unemployment Compensation Act. When Senate Bill 138 was enacted in 1937, the expenses of litigation incident to the administration of the Unemployment Compensation Act were not considered in calculating the necessary amount of the annual appropriation for "court costs in civil cases" of the Attorney General's Department.

Furthermore, in the case of state departments where the administration of the law involves a sizable amount of litigation, notably the Texas Highway Department, Texas Liquor Control Board and Texas Railroad Commission, special funds have been provided by the Legislature out of which it is expressly stated that the costs of litigation are to be paid. The Attorney General's Department has as a consequence never sought or been given an appropriation sufficient to take care of the court costs of civil cases incident to administration of said departments. It has, moreover, relied upon the general policy of the Legislature to include the court costs among the other items of administrative costs of the various large departments. As a result, no provision was made for covering the court costs of the Texas Unemployment Compensation Commission litigation in the general fund of the Attorney General's Department. It is true that in the absence of a breakdown of the administration fund under the Act, there is no specific inclusion of court costs within the Commission budget, but the fact that said expense is a "cost of administration" and that the Commission has under Section 11(a) of the Act the

broad power of making such expenditures as our essen-
tial to a proper administration of the Act convince us
that court costs are payable out of the administration
fund regardless of express mention.

For the reasons given above, and upon the
basis of the Sections of the Texas Unemployment Compen-
sation Act and the Federal Social Security Act, to which
we have referred, we wish to advise you that it is our
decision (1) that the general appropriation of the De-
partment is not available for payment of court costs in-
curred in civil litigation in connection with the enforce-
ment of the provisions of the State Unemployment Compen-
sation Act; (2) that there is no other fund available
through act of the Texas Legislature for such purpose;
and (3) that court costs resulting from litigation of
the Texas Unemployment Compensation Commission may be
legally paid from the administration fund set up under
the Texas Unemployment Compensation Act as a valid ex-
pense of the administration of the Act.

Trusting that we have fully answered the in-
quiries contained in your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Dick Stout*

Assistant

DS:ob

*N Ø B*

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS